**No. 51028.**—Protests 50332–K, etc., of American Express Co. et al. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 51029.**—Protests 52597–K, etc., of Ahronheim & Co. et al. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 51030.**—Protests 54472–K, etc., of Thomas Young, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 51031.**—Protests 54510–K, etc., of London Weatherproofs, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 51032.**—Protests 121986–K, etc., of Czarnikow-Rionda Co. et al. (Galveston, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

APRIL 18, 1946

**No. 51033.**— Protest 100610–K (b) of Marshall Field & Co. C. D. 983. Plaintiff's application for rehearing denied.

APRIL 19, 1946

**No. 51034.**—SUIT 4503.— *Advertising Corp. of America* v. *United States*. Abstract 49800 affirmed March 4, 1946. C. A. D. 327.

BEFORE THE FIRST DIVISION, APRIL 24, 1946

**No. 51035.**—Protest 947300–G of Edward P. Paul & Co., Inc. (New York).

OLIVER, Presiding Judge: This case comes before us on the granting of a motion for rehearing of our original decision of October 3, 1945, reported as Abstract 50550. In that decision we held the imported glass trays to be dutiable under paragraph 230 (d), Tariff Act of 1930, as manufactures of glass, not specially provided for. That decision was based upon the following stipulation:

It is further agreed between counsel that the tray is a table or kitchen article or utensil; that it is composed wholly or in chief value of glass pressed and unpolished, except that the bottom surfaces of the two legs thereof were ground and then polished for purposes other than ornamentation, to wit, to make the said bottom surfaces smooth and level, and that the tray and candle holders are not an entirety.

It was apparent that the effect of this stipulation was to present to the court the sole issue as to whether or not the polishing was sufficient to remove the article from the provision of paragraph 218 (g) for glassware "when pressed and unpolished, whether or not decorated or ornamented in any manner * * *."

The Government in its brief in support of the motion for a rehearing states that upon the original submission of the case the "defendant was under the impression that the question of whether or not the trays were decorated was not in issue,